**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MAURICIA VAN METER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CV-00476 (JMC) |
| | ) | |
| UNITED STATES CAPITOL POLICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE SURREPLY**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................................ii

INTRODUCTION .............................................................................................................................. 1

THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SURREPLY BECAUSE IT DOES NOT ADDRESS ANY ISSUE THAT WAS NOT PREVIOUSLY RAISED IN THE PARTIES' SUMMARY JUDGMENT BRIEFING.............................................................................................................. 2

   I.   EVIDENCE RESPONDING TO PLAINTIFF'S ASSERTION THAT SHE WAS DENIED INFORMATION DURING TRAINING DOES NOT RAISE A NEW ISSUE FOR THE FIRST TIME IN THE DEPARTMENT'S REPLY......................................................................................... 2

   II.   EVIDENCE RESPONDING TO PLAINTIFF'S ASSERTION THAT SHE WAS SABOTAGED ON SEPTEMBER 26, 2017 DOES NOT RAISE A NEW ISSUE FOR THE FIRST TIME IN THE DEPARTMENT'S REPLY. ......................................................................................................... 4

   III.   EVIDENCE RESPONDING TO PLAINTIFF'S ASSERTION THAT SHE DID NOT PULL JAYDEN OFF SOURCE ON SEPTEMBER 7, 2017 DOES NOT RAISE A NEW ISSUE FOR THE FIRST TIME IN THE DEPARTMENT'S REPLY........................................................................... 8

   IV.   EVIDENCE RESPONDING TO PLAINTIFF'S ASSERTION THAT HANDLERS ARE GIVEN A GRACE PERIOD DOES NOT RAISE A NEW ISSUE FOR THE FIRST TIME IN THE DEPARTMENT'S REPLY. ......................................................................................................... 9

CONCLUSION................................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**            **PAGE(s)**

*Alexander v. FBI,* 186 F.R.D. 71 (D.D.C. 1998) ...............................................................7

*Banner Health v. Sebelius*, 905 F. Supp. 2d 174 (D.D.C. 2012) ..................................2, 4

*Bigwood v. Dep't of Defense*, 132 F. Supp. 3d 124 (D.D.C. 2015)........................2, 5, 6

*Crummey v. SSA,* 794 F. Supp. 2d 46 (D.D.C. 2011),
    *aff'd,* Civil Action No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012) .........2, 4

*Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75 (D.D.C. 2014).........................................7

*Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98 (D.D.C. 2005) ..................................6, 7

*Galvin v. Eli Lilly & Co.*, 488 F.3d 1026 (D.C. Cir. 2007.................................................5

*Gates v. District of Columbia*, 66 F. Supp. 3d 1 (D.D.C. 2014)......................................6

*Hoskins v. Napolitano*, 842 F. Supp. 2d 8 (D.D.C. 2012) ................................................7

*Pogue v. Diabetes Treatment Ctr.*, 238 F. Supp. 2d 270 (D.D.C. 2002)........................2

## INTRODUCTION

The United States Capitol Police (the "Department") respectfully requests that the Court deny Plaintiff's Motion[1] for Leave to File Surreply ("Motion for Surreply") submitted in response to Defendant's Reply in Support of Its Motion for Summary Judgment ("Reply") (ECF 98)  The Department's Reply does not raise new issues or go beyond the scope of issues raised in its Memorandum of Points and Authorities In Support of Motion for Summary Judgment ("Brief") (ECF 90-1) and Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opposition") (ECF 96) and, thus, a surreply is not justified.

Rather than respond to new issues, Plaintiff's Proposed Surreply improperly seeks to rehash and bolster arguments already made in her Opposition. Thus, the focus of nearly all of the the arguments in the Proposed Surreply is not any alleged new issues, but instead is to reiterate her unsupported inferences and factual allegations.

As already demonstrated in the Department's Brief and Reply, Plaintiff has not established a material factual dispute about the Department's legitimate, non-discriminatory reason for removing Plaintiff from the 2017 Canine Explosive Detection Handler Course (the "training program").  Plaintiff's attempt to create material factual disputes falls well short of her burden because the factual allegations she asserts are either immaterial, unsupported, or contradicted by record evidence.  Plaintiff's Proposed Surreply is more of the same. Therefore, Plaintiff's Motion for Surreply should be denied.

---

[1] Plaintiff attached "Plaintiff Surreply" with the Motion for Leave. The Department will reference the attachment as "Plaintiff's Proposed Surreply."

**THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SURREPLY BECAUSE IT DOES NOT ADDRESS ANY ISSUE THAT WAS NOT PREVIOUSLY RAISED IN THE PARTIES' SUMMARY JUDGMENT BRIEFING**

No basis supports the filing of a surreply in this matter as Plaintiff has not shown that the Department's Reply contains new issues or goes beyond the scope of issues raised in the parties' summary judgment briefing.  "[S]urreplies are generally disfavored, and the determination as to whether to grant or deny leave is entrusted to the sound discretion of the district court." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) (internal citations omitted).  "A court should only permit leave to file a sur-reply if the moving party is otherwise unable to address matters raised for the first time in the non-movant's reply brief. But the matter covered in the sur-reply 'must truly be new.'" *Bigwood v. Dep't of Defense*, 132 F. Supp. 3d 124, 154 (D.D.C. 2015) (citing *Pogue v. Diabetes Treatment Ctr.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002)). "Simply put, a sur[-]reply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties. Were that not true, briefing would become an endless pursuit." *Crummey v. SSA*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd,* Civil Action No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012).

I.      **EVIDENCE RESPONDING TO PLAINTIFF'S ASSERTION THAT SHE WAS DENIED INFORMATION DURING TRAINING DOES NOT RAISE A NEW ISSUE FOR THE FIRST TIME IN THE DEPARTMENT'S REPLY.**

Plaintiff's contention that the Department's declarations of Kenny Hill and Tim Cullen present "new positions and arguments not raise[d] in its Motion for Summary Judgment and could not be anticipated" is demonstrably without merit.  (Pl.'s Mot. for Surreply 1.)  The purported new evidence brought forth in these declarations according to Plaintiff was the number of basic imprinting exercises that were recorded in comparison to the number of exercises run, which is information that Plaintiff would have had given that she was provided the videos and training records as part of discovery.  (Pl.'s Proposed Surreply 2.)

2

The Department's evidence could not be deemed to have raised a new issue or go beyond the issues raised given that it was produced as a direct response to Plaintiff's assertion that the videos establish she was not told the location of hides during basic imprinting exercises. The Department's evidence undercuts this assertion by showing that it was not supported by – and also contrary to – the record evidence. Plaintiff first raised this assertion in her Opposition, specifically asserting that the video evidence showed she was denied information about the location of the hides as a material factual allegation related to her sex discrimination claim. (Opp'n 3-4.) In response, the Department identified evidence in its Reply, showing that a factfinder could not reasonably infer based on the evidentiary record that the absence of certain instructions appearing on video means that they were not given when (a) the K-9 Trainers did not record every exercise, especially during the basic imprinting phase in which, for example, only twenty-five recordings of Plaintiff exists out of the approximately 119 exercises conducted; (b) even among the cherry picked videos upon which Plaintiff relies nearly all actually show that Plaintiff *is* provided information about the location of the hide; (c) of those exercises recorded some were of repeated hides in the same location, and when the hides were repeated, the K-9 Trainers generally did not tell the handlers at the beginning of each repeat search where the hide was located because it was not necessary to do so; and (d) the K-9 Trainers did not seek to record the instructions for the exercises and, thus, they were not consistently recorded. (Reply 13, 16.) In light of this backdrop, it cannot be seriously contended that the Department was raising an issue for the first time or went beyond the issues raised in the parties' summary judgment briefing by directly responding to Plaintiff's faulty premise that if the video recordings did not capture the K-9 Trainers specifically telling Plaintiff where the hide is they must have withheld that information. Also Plaintiff has not rebutted the evidence undercutting her premise, nor can she as it is incontrovertible.

Instead, Plaintiff improperly uses her Proposed Surreply to mischaracterize the Department's basis for presenting this evidence, alleging that the Department "is actually seeking an inference in its own favor," by contending that "had all of the other training exercises been videotaped, the videos would have contradicted Plaintiff's assertions," (Pl.'s Proposed Surreply 2), which of course is not the Department's basis for the evidence and not its argument.

In short, the Department produced evidence to show that an inference Plaintiff asserted in her Opposition was not reasonable and not supported by record evidence. Because this evidence undisputedly addressed factual assertions and faulty theories raised by Plaintiff in her Opposition, it could not have been a new issue raised for the first time in the Department's Reply as Plaintiff now contends.

## II. EVIDENCE RESPONDING TO PLAINTIFF'S ASSERTION THAT SHE WAS SABOTAGED ON SEPTEMBER 26, 2017 DOES NOT RAISE A NEW ISSUE FOR THE FIRST TIME IN THE DEPARTMENT'S REPLY.

Plaintiff's contention that the Department's Reply raised a new issue concerning the declaration Plaintiff submitted in support of her Opposition is also incongruous. The Department's response to the new evidence Plaintiff asserted in a declaration, which is also contradictory to the evidence provided in her deposition, concerns an issue raised by Plaintiff in her Opposition, not by the Department for the first time in its Reply. Where, as here, the Department's Reply undisputedly offers a response to an argument raised in Plaintiff's Opposition, there is no legitimate basis to grant leave to file a surreply on these issues. *Banner Health*, 905 F. Supp. 2d at 188 ("As Courts consistently observe, when arguments raised for the first time in reply fall 'within the scope of the matters [the opposing party] raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'" (citing *Crummey*, 794 F. Supp. 2d at 63)).

First, Plaintiff's own words establish that the Proposed Surreply is an improper attempt to bolster arguments already made in her Opposition. *Bigwood*, 132 F. Supp. 3d at 154. Plaintiff spends nearly all of her argument on whether Plaintiff ran afoul of the "sham affidavit rule." (*See* Pl.'s Proposed Surreply 3-4.) Plaintiff's opportunity to support her declaration was in her Opposition, as it is not unanticipated the Department would challenge the heretofore undisclosed evidence about the September 26 exercise. It is improper for Plaintiff to use the Proposed Surreply to further enhance her arguments.

Further, Plaintiff's arguments are unavailing as she irrefutably contradicted her deposition testimony, which the Department demonstrated in its Reply. Plaintiff was asked to provide all facts supporting her contention that the information the K-9 Trainers recorded about her training exercise on September 26 was not accurate. (Reply 7-8.) Upon providing her opinion on the exercise and being asked repeatedly if she had any further facts upon which she relied, Plaintiff denied having any other factual basis for challenging the information the K-9 Trainers provided. (*Id*. at 9.) Based on this record, the Department's Reply properly requested that the Court reject Plaintiff's post-discovery declaration as a sham affidavit. (Reply 9 (citing *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1030 (D.C. Cir. 2007) ("[A] deposition is the time for the plaintiff to make a record capable of surviving summary judgment—not a later filed affidavit.").)

Second, Plaintiff also improperly uses the Proposed Surreply to rehash her allegation that the Department's process is to use known location searches when imprinting a dog on new substances, which was also raised in her Opposition, and, therefore, could not have been an unanticipated argument. (*Compare* Pl.'s Proposed Surreply 4-5 *with* Opp'n 3, 9, 19.) Importantly, though Plaintiff initially raised the Department's alleged failure to imprint Jayden on a new compound by running a known hide as evidence that the Department treated Plaintiff differently,

she now concedes two points made by the Department: (1) that if a dog is imprinted on a chemical in the same family of compounds (here nitrates), the K-9 Trainers may run unknown hides when introducing a new compound from that family; and (2) when introducing a new compound to the dogs the K-9 Trainers have previously run unknown hides.  (Pl.'s Proposed Surreply 4-5.)  Plaintiff now contends this undisputed evidence is immaterial, (Pl.'s Proposed Surreply 4-5), but, as the Department showed in its Reply, it establishes that her experience on September 26 was not unusual given that Jayden had previously been introduced to nitrate based compounds and imprinting exercises had previously been run as unknown exercises even where a compound was being introduced to the dogs for the first time, facts that undermine Plaintiff's claim.

Moreover, the Department could not have presented evidence opposing Plaintiff's declaration in its Brief as the Department was not aware of the declaration or the new evidence she sought to introduce through it until Plaintiff submitted her Opposition.  Declarations included with the Department's Reply do not entitle Plaintiff to a surreply when they specifically address Plaintiff's contention that she was sabotaged by the K-9 Trainers on September 26, identifying necessary and undisputed evidence to undermine that assertion.  Neither declaration goes beyond the scope of Plaintiff's Opposition.  For this reason, the circumstances here do not weigh in support of a surreply, where Plaintiff's Propose Surreply does not address something new and unanticipated.  *See Bigwood*, 132 F. Supp. 3d at 154; *Gates v. District of Columbia*, 66 F. Supp. 3d 1, 29 (D.D.C. 2014) (surreply denied where there was not a new fact or argument because the government had already filed an exhibit on the issue and, "Moreover, [Plaintiff] already discussed this issue in his opposition."); *contra Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005) ("Were this Court to deny the Wyndham Defendants leave to file a sur-reply, the Wyndham Defendants would be unable to contest matters presented to the court for the first time in the form

of S.G.'s supplemental declaration."); *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85-86, (D.D.C. 2014) (surreply allowed where plaintiff sought to respond to an additional expert declaration submitted with defendant's reply and defendant argued for the first time in its reply that plaintiffs conceded they could not identify their attackers and their claims must be dismissed for failure to plausibly state a claim); *Hoskins v. Napolitano*, 842 F. Supp. 2d 8, 13 (D.D.C. 2012) (surreply allowed where defendant attached to its reply a declaration from a Human Resources Specialist for the U.S. Coast Guard regarding Plaintiff's personnel files that addressed the files for the first time).

Plaintiff cites to *Alexander v. FBI* as support to grant her motion. 186 F.R.D. 71, 74 (D.D.C. 1998) (Pl.' Mot. for Surreply 1.)  However, this matter is distinguishable from the facts which allowed the court to allow a surreply in *Alexander*.   In *Alexander*, the defendant's reply contained new information in a declaration not previously included with its original motion for a protective order. *Id.* Plaintiff sought to file a surreply to refute those statements. *Id.*

Here, the declarations do not present evidence brought before the court for the first time nor do they contain key facts fundamental to the disposition of the case. *See Doe,* 9 F. Supp. 3d at 85-86; *Hoskins,* 842 F. Supp. 2d at 13. Plaintiff brought forward the issues addressed in the Cullen Declaration and Hill Supplemental Declaration in her opposition and, therefore, these matters are not new to the Court.  *See Flanagan*, 231 F.R.D. at 101.

In short, Plaintiff is attempting to improperly use the Proposed Surreply to re-argue her position and bolster arguments she could have made in her Opposition.

III.    **EVIDENCE RESPONDING TO PLAINTIFF'S ASSERTION THAT SHE DID NOT PULL JAYDEN OFF SOURCE ON SEPTEMBER 7, 2017 DOES NOT RAISE A NEW ISSUE FOR THE FIRST TIME IN THE DEPARTMENT'S REPLY.**

Plaintiff's contention that the Department "now agrees that its trainers were wrong to have scored [Plaintiff] with a 'Trainer Assist'" on September 7, 2017 demonstrates that this is not a new issue raised for the first time in the Department's Reply.  Plaintiff raised the alleged discrepancy in scoring in her Opposition.  (Opp'n 10-11.)  Citing Cullen's deposition, Plaintiff contended that Cullen conceded that his observation that Plaintiff pulled Jayden off a source location on September 7 was wrong after he viewed video of the incident, which showed that Jayden walked the source on his own based on the paused video image showing the leash had a loop in it.  (*Id.*)

The Department responded to Plaintiff's assertion, conceding that Cullen stated during deposition that his observations at the time were incorrect.  (Reply 14; OPMF ¶ 113s.)  The Department also responded that Cullen's new insight was immaterial, given that a score of *Trainers Assist* does not count against a handler, (Reply 14; OPMF ¶ 113s), and that Cullen believed at the time that Plaintiff had pulled Jayden off the source as indicated by his recorded statements in the September 7 video and his deposition testimony. (Reply 14; OPMF ¶ 113s.)

This record demonstrates that the Department was responding to an issue raised by Plaintiff, not asserting evidence or argument on a new issue.  Thus, a surreply is not warranted.

Moreover, Plaintiff again improperly seeks to use her Proposed Surreply to confuse the record, reiterate her unsupported inferences, and undercut arguments the Department never made. For example, Plaintiff argues that the Department "is not entitled to the favorable inference that the trainers made a mistake" and Plaintiff "is entitled to the reasonable inference that Phelps and Cullen knew that Van Meter had performed a thorough search of the bathroom and that Jayden had not alerted to the odor behind the toilet, and yet, they included a false criticism of Van Meter's

performance in the training records in order to support their discriminatory desire to remove her from class." (Pl.'s Proposed Surreply 6.) Here the Department never sought an inference in its favor; it merely recounted the record evidence as to what occurred on September 7 and articulated why it does not support the broad inference that Plaintiff seeks because nothing in the record indicates that the K-9 Trainers knew on that date that Jayden had not alerted as Plaintiff alleges. (Reply 14.) The arguments Plaintiff now seeks to make in her Proposed Surreply are not proper as they are not responding to any new issues the Department raised for the first time in its Reply.

## IV. EVIDENCE RESPONDING TO PLAINTIFF'S ASSERTION THAT HANDLERS ARE GIVEN A GRACE PERIOD DOES NOT RAISE A NEW ISSUE FOR THE FIRST TIME IN THE DEPARTMENT'S REPLY.

The Department's evidence and argument undercutting the existence of a grace period for handlers was a direct response to points raised by Plaintiff and, therefore, could not be deemed "new" or "unanticipated" issues raised for the first time in the Department's Reply. (Reply 14, 27; Opp'n 5-6, 41, 44, 54.) Plaintiff cannot now argue she could not anticipate the existence of the grace period being an issue where Plaintiff uses the same quoted section from Hill's declaration in both Plaintiff's Opposition and Plaintiff's Proposed Surreply to bolster her argument that such a period exists. (*See* Opp'n 5-6 citing PMF[2] ¶ 248, quoting Hill Dep., Ex. 4, at 117:10-120:2; Pl.'s Proposed Surreply 7-8.)

Specifically, in response to Plaintiff's assertion that Hill's statements that it typically is around week six or seven that he begins to consider removing a handler from the training program due to their inability to apply the basic foundation of obedience or fundamentals of the detection mechanics, the Department produced evidence in its Reply that no grace period exists and that the record evidence established only that the K-9 Trainers understood that the handlers would make

---

[2] Plaintiff's Statement of Material Facts ("PMF") as referenced in Plaintiff's Opposition.

mistakes early on in training.  (Reply 14, 17.)  This evidence was produced solely to undercut Plaintiff's contention that a jury could reasonable infer that the Department treated Plaintiff differently by not applying a "grace period" to her.  Plaintiff cannot seriously contend that this is a new issue in light of the record when the Department's evidence and arguments were provided in direct response to her assertions.

## CONCLUSION

For the foregoing reasons, the Department requests that the Court deny Plaintiff's Motion for Leave to File Surreply.  Plaintiff's Proposed Surreply does not seek to address any new issue raised for the first time in the Department's Reply.  Instead, the sole aim for Plaintiff's Motion for Leave to File Surreply and Proposed Surreply appears to be to get the last word on issues that have already been presented to the Court at length.  Plaintiff's Proposed Surreply does nothing more than rehash, and add Plaintiff's spin to, arguments previously addressed in detail in Plaintiff's Opposition. The Department will be prejudiced by Plaintiff having a second opportunity to bolster her arguments.   Accordingly, the Department respectfully requests that the Court deny the Plaintiff's Motion for Leave to File Surreply and reject Plaintiff's Proposed Surreply.

Date: March 4, 2024

Respectfully submitted,

/s/ *April L. Pugh*

Kelly M. Scindian D.C. #985787
Gregory P. Currey
April L. Pugh
Office of General Counsel
Employment Law Division
United States Capitol Police
119 D Street NE
Washington, DC 20510
Telephone: (202) 593-3619
Facsimile: (202) 593-4477
Kelly.Scindian@uscp.gov
April.Pugh@uscp.gov
Gregory.Currey@uscp.gov

*Counsel for the United States Capitol Police*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2024 I electronically filed the foregoing Defendant's

Opposition to Plaintiff's Motion for Leave to File a Surreply with the Clerk of the Court for the

United States District Court for the District of Columbia, using the Court's CM/ECF system.

The CM/ECF system sent a "Notice of Electronic Filing" to all counsel of record in this matter.


                              /s/ *Sheila Berry*
                              Paralegal Specialist